IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LUKE STRAUCHMAN, | ) | |
| on behalf of himself and all | ) | |
| others similarly situated, | ) | |
| | ) | No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EQUIFAX, INC.          , | ) | COMPLAINT - CLASS ACTION |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Luke Strauchman ("Plaintiff" or "Strauchman") hereby brings this class action suit pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings it against Equifax, Inc. ("Defendant" or "Equifax") for declaratory judgment, injunctive relief, and damages to remedy the Defendant's negligence in allowing sensitive, personal financial data of the Plaintiff and Class Members to be stolen by criminals whose possession of the data has injured the Plaintiff and Class Members.  The Defendant is a national consumer credit reporting agency, and the case arises from a massive theft of personal information from Equifax.  The data belongs to the Plaintiff and Class Members.

## NATURE OF THIS ACTION

1.     Plaintiff brings this class action suit on his own behalf and on behalf of

1

all other persons similarly situated to him to redress the Defendant's failures to (a) exercise reasonable care to safeguard the Plaintiff's and Class' sensitive, personal financial data, specifically credit-card information of the Plaintiff and Class, (b) exercise a degree of care a reasonably careful company would use in circumstances similar to these, and (c) act reasonably to protect the Plaintiff and Class from the consequences of its negligence in allowing personal information and credit-card data to be stolen, possessed, and used by criminals.

## JURISDICTION AND VENUE

2.      Plaintiff Luke Strauchman resides in Braselton, Georgia, and is a citizen of Georgia (Jackson County).  Plaintiff's personal information, including name, social security number, personal loans, and credit card numbers were collected and stored by Equifax in Atlanta, *i.e.*, in this District, during a period including over the at least past four years, which are within the class period set forth in this complaint. As a result of this data breach, Plaintiff has signed up for a credit monitoring service with a monthly subscription fee.

3.      The Defendant, upon information and belief, is a Georgia corporation which is operated from its principal place of business in 1550 Peachtree Street NW, H46, Atlanta, GA, 30309-2402 (Fulton County).   It is a citizen of Georgia. Defendant can be served at its registered agent Shawn Baldwin, located at 1550 Peachtree Street, N.W., Atlanta, GA, 30309-2402.

2

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as amended by the "Class Action Fairness Act of 2005."  The matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs; the Plaintiff and Defendant are diverse; and there are more than 100 class members.

5.      Venue lies in this District pursuant to 28 U.S.C. § 1391(a)(2), because the Defendant resides in this District, criminals obtained the Plaintiff's personal information in the District, utilized that information for its own benefit here, and the wrongs alleged against the Defendant arose from those events in whole or in part.

ALLEGATIONS

6.      The Defendant, to provide consumer credit reports, receives, utilizes, and takes custody of a wide range of financial and personal information from millions of customers.  The information includes data on credit cards usage and payment history, and how individuals honor their financial obligations such as paying bills and repaying loans.  Because it failed to act reasonably to safeguard the information, more than one hundred forty-three (143) million consumers have had their personal financial information compromised and stolen, including Class Members' names, Social Security numbers, birth dates, addresses, and even some driver's license numbers. The thieves also got credit card numbers for approximately 209,000 people and dispute documents with personal information for 182,000 consumers.  The customers include the Plaintiff, and they constitute the Class he

3

seeks to represent.  The Plaintiff and the Class have had their privacy rights violated, have been exposed to the risk of fraud and identity theft, and have otherwise suffered damages.  Equifax's negligence is to blame.

7.    The Defendant is one of the largest and the oldest consumer credit reporting agency in the country.  Defendant is headquartered in Atlanta, Georgia, where the events of the case arose in whole or in part.

8.    On September 7, 2017, the Defendant first revealed a massive security breach by which thieves stole from the Defendant the above-described personal data of the Plaintiff and the Class. The theft was preventable by means reasonable to the Defendant, but it failed to utilize them.  It occurred in between May to July of 2017, according to Equifax.  That ending date is unconfirmed, and in fact, the extent and duration of the theft may be greater than the Defendant has revealed.

9.    Upon information and belief, 143 million persons are customers of the Defendant whose data has been stolen, harming them.  That is the Class asserted here.

10.    Upon information and belief, Equifax knew of the theft long before revealing it, and it failed to take steps in the interim to notify the Class to enable each Class member to act to protect themselves from further injury from the theft.

11.    Upon information and belief, Equifax has failed to (a) act with reasonable speed to warn the Class of the harm of the theft, (b) contact all customers

4

whose data has been stolen to inform them when it was stolen and what was stolen, steps which would be reasonable in the circumstances, and (c) inform Class members of the precise nature of the theft, leaving the Plaintiff and the Class to guess at what data of theirs has been stolen and/or utilized in fraudulent transactions or for unjust purposes.

12.    As a consequence of the foregoing failures by the Defendant, the Plaintiff and the Class are unable to take reasonable steps to mitigate their loss and to safeguard themselves from further harm.

13.    Consumers, like Plaintiff, should not have to bear the expense of a credit monitoring service caused by Equifax's negligent failure to protect their credit and personal information from criminals.

14.    Equifax, at all times relevant to this lawsuit, has been required to abide by stringent rules for the protection of customer data. The rules cover storing and collecting consumer personal information.  They require information brokers to install and maintain security measures to prevent the theft of customer data, including but not limited to the use of firewalls to protect databases and other steps to ensure that information in the its custody is not unreasonably exposed to the risk of theft.

15.    The Defendant breached its duty to ensure that personal information in its custody was not unreasonably exposed to the risk of theft and utilization in

fraudulent transactions.  Upon information and belief, a lack of adequate security in the Defendant's information technology systems enabled the theft, or made it much more likely.  Specifically, the Defendant failed to thwart, timely detect, and report the security flaw which the thieves used to steal the data at issue.  Upon information and belief, these failures would have been prevented had Equifax (a) abided by the above-described rules for the prevention of theft of customer data, or (b) adhered to best practices and industry standards concerning the security of its computer systems, payment processing systems, and information technology systems.

16.     As a result of that breach, thieves have taken and utilized data from the Plaintiff's and the Class Members' personal information, including but not limited to account information, birthdates, social security numbers, credit card numbers, loan numbers, residence and work information, and the Plaintiff and Class will have to (and have already begun to) expend time, energy, and expense to mitigate the consequences of the theft, including, but not limited to, by purchasing credit reports and enrolling in credit monitoring and/or identity theft protection.  They have experienced and will continue to experience uncertainty in connection with their credit and banking accounts, a material detriment to them, and they have suffered consequential emotional distress and mental anguish.  Their credit and banking accounts are an increased risk of theft and unauthorized use in the future.

17.     During the time period that his data and the Class Members' data are

known to have been breached, Plaintiff had personal and credit information collected and stored by Equifax, including his social security number, birth date, home address, driver's license information, and credit card numbers.

18. On September 7, 2017, Plaintiff became aware of the security breach from an announcement by Equifax, which was picked up by various news organizations worldwide.

19. According to the news, an Equifax website admits that "Equifax discovered the unauthorized access on July 29," almost six weeks prior to any public announcement.

20. In addition, the website allows individuals to check whether their personal information has been potentially impacted by entering their last name and the last six digits of their Social Security Number. Available at https://www.equifaxsecurity2017.com/potential-impact/ However, the impact checker appears inconsistent http://www.zdnet.com/article/we-tested-equifax-data-breach-checker-it-is-basically-useless/, and it also appears to be set up as a shill to force consumers into arbitration. Available at http://www.chicagotribune.com/g00/business/ct-equifax-data-breach-website-arbitration-20170908-story.html?i10c.referrer=https%3A%2F%2Fwww.google.com%2F.

21. Equifax has failed to provide Plaintiff, and those in the Class, sufficient

information to identify the extent of the data breach. Equifax also failed to properly and timely alert the Plaintiff and Class to known data breaches.  Equifax admits, by its own calculation, that it waited over a month to begin notifying the Plaintiff and Class and such delay harmed Plaintiff and the Class.

## CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this suit for himself and as a class action for all others similarly situated, namely all persons who had their personal information and data stolen from Equifax in the class period.  Plaintiff brings the suit under Rules 23, 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class for the following period of time:

    a.  All customers of Defendant whose personal financial data, including but not limited to personal information and credit card information, was (i) stored and collected by Equifax, and (ii) was subsequently hacked.

    b.  Class members shall not include the following persons or entities:

        i.  Defendant's officers, directors, agents, or employees;

        ii.  U.S. District Court judges, magistrate judges of any U.S. District Court, judges of the U.S. Court of Appeals for the Eleventh Circuit, and U.S. District Court personnel having any involvement with administration and/or adjudication of

this lawsuit; and

    iii.  Class counsel and their employees.

23.    The Class period begins April, 2017, and ends September 7, 2017.

24.    Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court.  The identity and exact number of Class members is unknown at this time, but the number is reasonably estimated to exceed one million persons.

25.    The Defendant's negligence affects all Class members in exactly the same way, even though the degrees of harm suffered by individual Class members may vary.  The Defendant's conduct in failing to properly safeguard its customers' personal financial data and in failing to fully and effectively notify customers of the dates and precise nature of the theft of the data in a timely manner is uniform among the Class.

26.    Questions of law and fact common to all Class members predominate over any questions affecting only individual members. Such questions of law and fact common to the Class include:

    a.  whether Defendant acted wrongfully by failing to properly safeguard its customers' financial data;

    b.  whether Defendant failed to fully and effectively notify customers of the dates and precise nature of the theft of the data in a timely

manner;

c.   whether Plaintiff and the Class have been damaged, and, if so, what
is the appropriate relief as to each member of the Class; and

d.   whether Defendant is due to be enjoined to fully and effectively
report to the Class and its members individually the actual and
precise nature of the theft of the data, to enable Class members to
take reasonable and effective steps to protect themselves from
further harm.

27.   The Plaintiff's claims, as described herein, are typical of the claims of
all Class members, as the claims of Plaintiff and all Class members arise from the
same set of facts regarding Defendant's failure to protect Class members' financial
data.  Plaintiff maintains no interest antagonistic to interests of other Class members.

28.   Plaintiff is committed to the vigorous prosecution of this action and has
retained competent counsel experienced in the prosecution of class actions of this
type.   Accordingly, Plaintiff is an adequate representatives of the Class and will
fairly and adequately protect the interests of the Class.

29.   This class action is a fair and efficient method of adjudicating the
claims of Plaintiff and the Class for the following reasons:

a.   common questions of law and fact predominate over any question
affecting any individual Class member;

10

b.  the prosecution of separate actions by individual members of the Class would likely create a risk of inconsistent or varying adjudications with respect to individual members of the Class thereby establishing incompatible standards of conduct for Defendant or would allow some Class members' claims to adversely affect other Class members' ability to protect their interests;

c.  Plaintiff is not aware of any other litigation of these issues ongoing in this State or elsewhere brought by a Nationwide class of consumers in Equifax's database;

d.  this forum is appropriate for litigation of this action since the cause of action arose in this District;

e.  Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

f.  the Class is readily definable, and prosecution as a class action will eliminate the possibility of repetitious litigation, while also providing redress for claims that may be too small to support the expense of individual, complex litigation.

g.  the Defendant has acted in a similar manner with respect to the Plaintiff and the Class as a whole making injunctive relief proper.

30.  For these reasons, a class action is superior to other available methods

for the fair and efficient adjudication of this controversy.

## COUNT I: NEGLIGENCE (ON BEHALF OF PLAINTIFF AND A NATIONWIDE CLASS)

31.    Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

32.    The Defendant had a duty to use reasonable care to protect the personal information and of the Class from theft.  By its acts and omissions described herein, the Defendant unlawfully breached this duty. The Class was damaged thereby.

33.    The private personal information of the Class that was compromised by the breach of Defendant's security included, without limitation, information that was improperly stored and inadequately safeguarded in violation of industry rules and regulations and best practices.  Those rules, regulations, and best practices created a standard of care that the Defendant breached.

34.    The breach of security was a direct and proximate result of Defendant's failure to use reasonable care to implement and maintain appropriate security procedures reasonably designed to protect the personal information and other nonpublic information of the Class.  This breach of security and unauthorized access to the private nonpublic information of the Class was reasonably foreseeable.

35.    Upon information and belief, this is third known data breach involving Equifax in the last two years. According to USA Today, "Hackers in 2016 stole

federal W-2 tax information from an Equifax website. Identity thieves earlier this year also stole W-2 tax information from an Equifax subsidiary, TALX, which provides online payroll services." https://www.usatoday.com/story/money/2017/09/08/massive-equifax-cyberattack-triggers-class-action-lawsuit/645632001/

36.    Defendant was in a special fiduciary relationship with the Class by reason of its entrustment with credit and personal information and other nonpublic information.  By reason of this fiduciary relationship, Defendant had a duty of care to use reasonable means to keep the personal information and other nonpublic information of the Class private and secure.

37.    Defendant also had a duty to fully inform Class members in a timely manner that their credit and personal information and other nonpublic information has been stolen.  If has failed to do, breaching its duty.

38.    The theft of the Class' nonpublic information, and the resulting burden, fear, anxiety, emotional distress, and loss of time endured by Class members in efforts to prevent or undo any further harm -- along with other economic and non-economic damages to the Class -- were the direct and proximate result of Defendant's negligence.

39.    Defendant had a duty to fully and timely disclose the theft to every person whose personal information was stolen, to enable each affected customer to take appropriate measures to avoid unauthorized charges on their accounts, to cancel

13

or change account numbers on the compromised cards, and to and monitor their account information and credit reports for fraudulent charges.  Defendant has failed to do so, and it evidently refuses to do so, breaching its duty and warranting declaratory and injunctive relief.

37.     As a direct and proximate result of Defendant's conduct, the Plaintiff and the Class have been damaged.   Upon information and belief, the damages include, but are not limited to, loss of control of personal financial information; monetary loss for fraudulent and/or unauthorized charges on accounts; fear and apprehension of fraud; expenses or loss of money; identity theft; the burden and cost of credit monitoring to monitor accounts and credit history; the burden and cost of closing compromised accounts and opening new accounts; the burden of closely scrutinizing credit card statements for past and future transactions; damage to credit history; loss of privacy; and other economic damages.

## COUNT II: VIOLATION OF GEORIGIA'S DATA BREACH NOTIFICATION STATUTES (ON BEHALF OF PLAINTIFF AND A NATIONWIDE CLASS)

40.     Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

41.     The Equifax data breach constitutes a breach of Defendant's computer security systems within the meaning of Georgia's state data breach notifications statute O.C.G.A. § 10-1-910, *et seq.*, and the data accessed in the breach was

protected and covered by the statute.

42.     Defendant unreasonably delayed notification of the data breach, including the unauthorized access and theft, after Defendant knew or should have known that the data breach had occurred.

43.     On information and belief, although Defendant was aware of the data breach in July 2017 or earlier, Defendant did not disclose or notify the public or Equifax members of the data breach until after it was publicly announced by the hackers and referenced in on-line media on September 8, 2017.

44.     Defendant failed to inform the public of the data breach during this time even though Defendant knew or should have known of its occurrence and the attendant unauthorized access, theft and dissemination of the Plaintiff and Class Members' personal information.

45.     On or around September 8, 2017, Defendant began to make public statements regarding the data breach, all as set forth above.  Further, although Defendant was in possession of the email addresses of the Plaintiff and Class Members, Defendant has failed to provide direct notice to the Plaintiff and Class Members that the data breach had occurred and, on information and belief, have never done so.

46.     Defendant failed to disclose to Plaintiff and Class Members, without unreasonable delay and in the most expedient time possible, the breach and the

unauthorized access and theft of Plaintiff and Class Members' personal information when Defendant knew, should have known, or reasonably believed that such information had been compromised.  On information and belief, no law enforcement agency instructed Defendant to withhold notification and disclosure of the Data Breach.

47.     As a result of Defendant's failure to notify in the statutorily prescribed time periods, Plaintiff and the Class Members suffered the harm alleged above.

48.     Had Defendant provided timely and accurate notice, Plaintiffs and Class Members could have taken steps to mitigate the direct harm suffered as a result of Defendant's unreasonable and untimely delay in providing notice.

49.     Defendant's failure to notify Plaintiffs and the other Class Members violated Georgia's state data breach notification statute O.C.G.A. § 10-1-910, *et seq.*

50.     Plaintiff and Class Members seek all remedies available, including but not limited to damages as alleged above, equitable relief, injunctive relief and reasonable attorneys' fees, and costs, as provided by law.

## COUNT THREE: WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT (ON BEHALF OF PLAINTIFF AND A NATIONWIDE CLASS)

51.     Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

52.     A "consumer reporting agency" is defined by the FCRA as follows:

[A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C. § 1681a(f).

53.     Equifax is a "consumer reporting agency" as defined by the FCRA.

54.     Plaintiffs and Class member are "consumers" entitled to the protections of the FCRA. 15 U.S.C. § 1681a(c).

55.     Section 604 of the FCRA, 15 U.S.C. §1681b, prohibits consumer reporting agencies from furnishing consumer reports to third parties except for certain enumerated "permissible purposes."

56.     A "consumer reports" is defined in section 603(d) of the FCRA, 15 U.S.C. § 1681 a(d), as

any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 604.

57.     None of the purposes listed under 15 U.S.C. § 1681b permit credit reporting agencies to furnish consumer reports to unauthorized or unknown entities,

17

and thus, by and through the events described above, Equifax has violated 15 U.S.C. § 1681b.

58.     Upon information and belief, this is third known data breach involving Equifax in the last two years. According to USA Today, "Hackers in 2016 stole federal W-2 tax information from an Equifax website. Identity thieves earlier this year also stole W-2 tax information from an Equifax subsidiary, TALX, which provides online payroll services."   https://www.usatoday.com/story/money/2017/09/08/massive-equifax-cyberattack-triggers-class-action-lawsuit/645632001/

59.     Equifax willfully and/or recklessly violated 15 U.S.C. § 1681b by its failure to implement and maintain appropriate security procedures reasonably designed to protect the credit and personal information and other nonpublic information of the Plaintiff and the Class Members.

60.     Plaintiff and the Georgia Class members have been damaged by Equifax's willful or reckless failure to comply with the FCRA. Therefore, Plaintiff and the Nationwide Class members are entitled to recover "any actual damages sustained by the consumer . . . or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A).

61.     Plaintiffs and the Nationwide Class members are also entitled to punitive damages, costs of the action, and reasonable attorneys' fees. 15 U.S.C. § 1681n(a)(2) & (3).

## COUNT FOUR: NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT (ON BEHALF OF PLAINTIFF AND A NATIONWIDE CLASS)

62.     Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

63.     Equifax was negligent in failing to maintain reasonable procedures designed to limit the unauthorized furnishing of consumer reports to the purposes outlined above and under section 1681b of the FCRA.

64.     Equifax's negligent conduct provided a means for unauthorized intruders to obtain Plaintiff's and the Nationwide Class members' personal information for no permissible purpose under the FCRA.

65.     Plaintiffs and the Nationwide Class member have been damaged by Equifax's negligent failure to comply with the FCRA. Therefore, Plaintiffs and each of the Nationwide Class member are entitled to recover "any actual damages sustained by the consumer." 15 U.S.C. § 1681o(a)(1).

66.     Plaintiffs and the Nationwide Class member are also entitled to recover their costs of the action, as well as reasonable attorneys' fees. 15 U.S.C. § 1681o(a)(2).

## COUNT FIVE: VIOLATION OF GEORGIA FAIR BUSINESS PRACTICES ACT O.C.G.A. § 10-1-390, *ET SEQ*. (ON BEHALF OF PLAINTIFFS AND THE NATIONWIDE CLASS)

67.     Plaintiffs restate and reallege Paragraphs 1 through 65 as if fully set

forth herein.

68.     Equifax has violated O.C.G.A. § 10-1-390 et seq. by engaging in unlawful, unfair or fraudulent business acts and practices and unfair, deceptive, untrue or misleading advertising that constitute acts of "unfair competition" as defined in O.C.G.A. § 10-1-390 with respect to the credit reporting services provided to Plaintiff and the Nationwide Class.

69.     Equifax engaged in unlawful acts and practices with respect to its services by establishing the sub-standard security practices and procedures described herein; by soliciting and collecting Plaintiff's and Class Members' personal information with knowledge that the information was not be adequately protected; and by storing Plaintiff's and Class Members' personal information in an unsecure electronic environment.

70.     In addition, Equifax engaged in unlawful acts and practices with respect to the its services by failing to discover and then disclose the data breach to Plaintiff and Class Members. in a timely and accurate manner, contrary to the duties imposed by O.C.G.A. § 10-1-910. To date, Equifax has still not provided such sufficient information to Plaintiff and Class Members.

71.     As a direct and proximate result of Equifax's unlawful practices and acts, Plaintiff and Class Members were injured and lost money or property, including but not limited to the fees received by Equifax for the credit reporting services, the

loss of their legally protected interest in the confidentiality and privacy of their personal information, and additional losses described above.

72.   Equifax knew or should have known that its computer systems and data security practices were inadequate to safeguard Plaintiff and Class Members' personal information and that the risk of a data breach or theft was highly likely. Equifax's actions in engaging in the abovenamed unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Class Members.

73.   Plaintiff and Class Members seek relief under O.C.G.A. § 10-1-390, et. seq., including, but not limited to, restitution to Plaintiff and Class Members of money or property that Equifax may have acquired by means of its unlawful, and unfair business practices, restitutionary disgorgement of all profits accruing to Equifax because of its unlawful and unfair business practices, declaratory relief, attorney's fees and costs, and injunctive or other equitable relief.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, for himself and on behalf of all others similarly situated, respectfully requests the following relief:

        a.   certification of this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), and appointment of

21

Plaintiff and his counsel to represent the Class;

b.  a final judgment against the Defendant on the claims alleged herein;

c.  an injunction requiring the Defendant to promptly, fully, and effectively inform each Class member of the date and precise nature of the theft of the Class member's data;

d.  an injunction requiring Defendant to update its systems and policies in a manner that will reasonably prevent this type of harm in the future;

e.  an award to the Plaintiff and Class of attorneys' fees, expenses, and costs of this suit;

f.  such other and further relief that is just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

**ON ALL ISSUES IN THIS CAUSE**

Local Rule 7.1 Compliance Certificate

Pursuant to L.R. 7.1.D, this certifies that the foregoing document complies with the font and point selections approved by L.R. 5.1.C. The foregoing document was prepared using Times New Roman font in 14 point.

Filed this the 11th day of September, 2017.

/s/ James F. McDonough, III
James F. McDonough, III (GA Bar #: 117088)
Travis E. Lynch (GA Bar # 162373)
Heninger Garrison Davis, LLC.
3621 Vinings Slope
Suite 4320
Atlanta, GA 30339
P: (404) 996-0860
F: (205) 380-8076
JMcdonough@hgdlawfirm.com
tlynch@hgdlawfirm.com

W. Lewis Garrison (GA Bar #: 286815)
Chris B. Hood, PHV forthcoming
Heninger Garrison Davis, LLC.
2224 First Avenue North
Birmingham, AL 35203
P: (205) 326-3336
F: (205) 380-8085
Lewis@hgdlawfirm.com
chood@hgdlawfirm.com

DEFENDANT MAY BE SERVED AT THIS ADDRESS:

EQUIFAX, INC.
1550 Peachtree Street, N.W.,
Atlanta, GA, 30309-2402

23